**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEROY JACKSON, | ) |
|  | ) CASE NO. 1:06CV59 |
| Petitioner, | ) |
|  | ) JUDGE LESLEY WELLS |
| v. | ) |
|  | ) MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, | ) |
|  | ) **REPORT & RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Leroy Jackson ("Jackson"), challenges the constitutionality of his conviction in the case of *State v. Jackson*, Ashtabula County Common Pleas Case No. 01-CR-318. Jackson, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 10, 2006 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Jackson's petition (Doc. No. 1) be DENIED.

## I.  Procedural Background

**A.    Conviction**

The Ashtabula County Grand Jury returned a sixty-three (63) count indictment charging Jackson with twenty-eight (28) counts of gross sexual imposition in violation of Ohio Revised Code ("O.R.C.") § 2907.05(A)(4) and thirty-five (35) counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(1).  (Doc. No. 6-2, Exh. A.)

Initially, Jackson entered a plea of "not guilty" to all the charges.  On October 1, 2002, as part of a plea agreement, Jackson pled guilty to ten (10) counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(1) and the remaining charges were dismissed.  (Doc. No. 6-2, Exh. B.)

On December 27, 2002, Jackson was sentenced to a definite term of one (1) year on each of the ten counts with sentences to run consecutively.  (Doc. No. 6-2, Exh. C.)

**B.    Direct Appeal**

On April 18, 2003, Jackson, represented by counsel, timely appealed the trial court's sentence to the Eleventh District Court of Appeals and raised the following assignments of error: (1) the trial court violated O.R.C. § 2929.14(B) when it imposed a sentence greater than the minimum sentence on each of the ten counts of gross sexual imposition to which Jackson pled guilty; and (2) the trial court erred when it imposed consecutive sentences because it failed to comply with O.R.C. § 2929.14(E).  (Doc. No. 6-3, Exh. D.)  On September 30, 2004, the Court of Appeals affirmed the trial court's judgment.  (Doc. No. 6-3, Exh. F.)

Jackson, acting *pro se*, filed a Memorandum in Support of Jurisdiction with the Supreme Court of Ohio and asserted the same assignments of error as before the state appellate court.

(Doc. No. 6-4, Exh. G.) On February 16, 2005, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 6-4, Exh. H.)

**C.     Application to Reopen Direct Appeal**

On December 17, 2004, Jackson filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("Rule 26(B)"). (Doc. No. 6-5, Exh. I.) First, Jackson argued that his appellate counsel was ineffective for failing to raise as error the trial court's failure to execute a written trial waiver as required by O.R.C. § 2945.05. (Doc. No. 6-5, Exh. I.) Second, Jackson argued that his appellate counsel was ineffective for failing to raise as error the trial court's imposition of a sentence greater than the minimum sentence without making findings required by Ohio statute. (Doc. No. 6-5, Exh. I.) The Court of Appeals denied Jackson's application on the merits on March 14, 2005. (Doc. No. 6-7, Exh. J.)[1]

Jackson filed a Delayed Notice of Appeal with the Supreme Court of Ohio on August 12, 2005. (Doc. No. 6-7, Exh. K.) The Ohio Supreme Court returned the documents to Jackson because, pursuant to the Rules of Practice of the Supreme Court of Ohio, the Clerk's office must refuse motions for delayed appeal involving post-conviction appeals brought under Rule 26(B). (Doc. No. 6-7, Exh. L.)

**D.     Federal Habeas Petition**

On January 10, 2006, Jackson filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The asserted grounds for relief are summarized as follows:

> Ground One: Petitioner was denied due process and exposed to

---

[1] While Respondent avers that Jackson's application to reopen was untimely, the state appellate court makes no mention of the timeliness of Jackson's application in its decision. (Doc. No. 6-7, Exh. J.)

> double jeopardy as a consequence of the "carbon-copy" indictments issued against him.
>
> Ground Two: Petitioner's Sixth Amendment rights were violated when he was sentenced based on facts not alleged in the indictment nor found by a jury.
>
> Ground Three: Petitioner received ineffective assistance of trial and appellate counsel when they failed to raise the issues in grounds one and two during trial or on appeal.

## II. Summary of the Facts

At the plea hearing, the State indicated that Jackson was pleading guilty to ten counts of gross sexual imposition and that, in turn, the State would dismiss the balance of the charges. (Doc. No. 6-8, Exh. N at 2.)  During the plea hearing Jackson indicated that he had no questions about what was taking place during the hearing, that he had sufficient time to discuss the case with his attorney and was satisfied with her services, and that he had no questions about the charges to which he was pleading guilty.  (Doc. No. 6-8, Exh. N at 4-5, 10.)  The court explained that the charges to which Jackson pled guilty were fourth degree felonies that carry sentences ranging from six to eighteen months imprisonment.   (Doc. No. 6-8, Exh. N at 6.)

During the sentencing hearing, Jackson was classified as a sexually oriented offender based on the recommendation of the Forensic Psychiatric Center of Northeast Ohio.  (Doc. No. 6-8, Exh. O at 3-4.)  The sentencing judge noted that the sentence imposed on Jackson must not demean the seriousness of Jackson's conduct and must adequately protect the public as well as punish Jackson.  (Doc. No. 6-8, Exh. O at 15.)  The trial court imposed the sentence as follows:

> [The court] agree[s] with the prosecuting attorney that multiple prison terms are necessary in order to adequately protect the public from future crime, especially to adequately punish you for your conduct in this case and that it would not be disproportionate to the seriousness of your conduct or the danger you pose to the community.

> It's been [the court's] decision that [it] will impose a sentence of one year on each of these ten counts but that [the court] will order them to be served consecutively ... to serve out a total of ten years.

(Doc. No. 6-8, Exh. O at 16.)

### III.  Procedural Default

Respondent asserts that Jackson has procedurally defaulted all three claims raised in his Petition.  Jackson argues that his procedural default should be excused with respect to his ineffective assistance of appellate counsel claim and alleges he has established both cause for the default and prejudice from the error.  (Doc. No. 1 at 11.)

**A.     Standard**

Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law.  Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence.  *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).

Under Ohio law, all claims that were known or should have been known by the defendant at the time of trial or direct appeal must be raised on direct appeal from the judgment of conviction.  Ohio provides an avenue of relief, namely post-conviction review, for those claims that were unknown, or could not reasonably have been known, to the defendant until after the judgment of conviction. Ohio's post-conviction relief statute, O.R.C. § 2953.21, provides in pertinent part:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United

5

> States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

*Id.*

This statute has long been interpreted to bar post-conviction consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not. *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994). The *Perry* Court stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry,* at syllabus para. 9.

The Sixth Circuit has recognized that the doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal, as well as to constitutional claims that could have been raised in any post conviction proceeding. *See Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998), *citing State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994) (holding that *res judicata* precludes post-conviction relief to address constitutional claims that could have been raised on direct appeal from the conviction and sentence). In such a situation, a petitioner is considered to have waived the claim for federal habeas purposes "unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Roberts v. Carter*, 337 F.3d 609, 613 (6th

Cir. 2003) (petitioner's claim was procedurally defaulted as he never raised the claim before the Ohio courts and, therefore, his claim may not be considered on federal habeas review."); *Griffin v. Berghuis*, 298 F. Supp. 2d 663, 671 (E.D. Mich. 2004) ("[Procedural] default may occur if the state prisoner files an untimely appeal, if he fails to present an issue to a state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review") (citations omitted). The Sixth Circuit has explicitly recognized *res judicata* as an adequate and independent basis for procedural default. *Norris*, 146 F.3d at 332; *Rust*, 17 F.3d at 161. The denial of an appeal for non-compliance with a time limit prescribed by the state also is an adequate and independent state ground. *Coleman*, 501 U.S. at 751.

**B.     Ground One: Insufficient Indictment**

Jackson alleges that his constitutional rights were violated because he was denied due process and exposed to double jeopardy as a consequence of the "carbon-copy" indictments issued against him. (Doc. No. 1.) Respondent asserts that this ground for relief is procedurally defaulted because it was not raised before any state court on appeal. (Doc. No. 6 at 8-10.)

Jackson's claim in ground one was not raised on direct appeal. On direct appeal before the state appellate court, Jackson only argued that the trial court (1) violated O.R.C. § 2929.14(B) when it imposed a sentence greater than the minimum sentence on each of the ten counts of gross sexual imposition to which Jackson pled guilty; and (2) erred when it imposed consecutive sentences because it failed to comply with O.R.C. § 2929.14(E). (Doc. No. 6-3, Exh. D.) Both of these arguments were expressly based on the state's alleged failure to comply with Ohio statutory law. (Doc. No. 6-3, Exh. D.) On direct appeal to the Supreme Court of Ohio,

7

Jackson raised the same issues as he did before the state appellate court. (Doc. No. 6-4, Exh. G.) Thus, Jackson never challenged the sufficiency of the indictments on direct appeal.[2]

Jackson would be barred from raising these claims in Ohio state court on the grounds of *res judicata*. As the Sixth Circuit has recognized that the Ohio doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal, as well as to constitutional claims that could have been raised in any post conviction proceeding, Jackson's claim is procedurally defaulted. *See Norris*, 146 F.3d 314 at 332; *Roberts*, 337 F.3d at 613. Further, Jackson has not offered any reason as to why he failed to raise this issue on direct appeal and, accordingly, has failed to present cause for his default. Moreover, because Jackson pled guilty to charges in the indictment, he has waived numerous constitutional rights, including any challenge to the sufficiency of the indictment. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea [and] may only attack the voluntary and intelligent character of the guilty plea ..."). Therefore, Jackson cannot show prejudice from the claimed error.

As ground one of Jackson's petition is procedurally defaulted and Jackson has not shown cause or prejudice excusing the procedural default, this claim should be dismissed.

---

[2] In addition, Jackson's post-conviction application made pursuant to Ohio App. R. 26(B) is devoid of any argument related to the sufficiency of the indictments. (Doc. No. 6-5, Exh. I.) Thus, he never even argued that his appellate counsel was ineffective for failing to raise this issue on direct appeal.

**C.     Ground Two: Sentence in Violation of Due Process Rights**

In his second ground for relief, Jackson claims he was denied his Sixth and Fourteenth Amendment rights when the trial court sentenced him, a first time offender, to a sentence above the minimum and to consecutive sentences based on facts not alleged in the indictment, found by a jury, or admitted by him.  (Doc. No. 1.)  Respondent asserts that Jackson's claim is procedurally defaulted, but fails to discuss the impact of the Supreme Court's holding in *Blakely* and its impact on Jackson's direct appeal.  (Doc. No. 6 at 9-10.)

Upon direct appeal, Jackson did challenge his sentence, but his argument was based exclusively on the trial court's alleged failure to comply with Ohio sentencing statutes, particularly O.R.C. §§ 2929.14(B) & (E)(4).  (Doc. No. 6-3, Exh. D.)  This argument was insufficient to apprise the state court of the federal claim now asserted by Jackson and the issue has, therefore, not been fairly presented to the state courts.[3]  In fact, the argument presented on direct appeal is contrary to the argument now advanced by Jackson.  On direct appeal, Jackson argued that the trial court *failed to make specific factual findings* required under Ohio's sentencing statute before consecutive sentences or a sentence greater than the minimum may be imposed.  (Doc. No. 6-3, Exh. D.)  By contrast, the argument Jackson now advances is that the trial court *actually made factual findings* that were neither alleged in the indictment nor found by a jury and, therefore, in violation of his constitutional rights as expressed in *Apprendi v. New*

---

[3] To determine whether a claim has been "fairly presented," a court examines whether the petitioner: "(1) reli[ed] upon federal cases employing constitutional analysis; (2) reli[ed] upon state cases employing federal constitutional analysis; (3) phras[ed] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law."  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000), *citing Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987).

9

*Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).[4]  Because Jackson did not raise this specific claim on direct appeal or in his application to re-open his direct appeal, Jackson did not fairly present his claim to the state courts and his claims are, therefore, procedurally defaulted.  *Rust*, 17 F.3d at 160; *Roberts*, 337 F.3d at 613 (petitioner's claim was procedurally defaulted as he never raised the claim before the Ohio courts and, therefore, his claim may not be considered on federal habeas review.")

Although Jackson's claim is procedurally defaulted, his default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).[5]  The question is whether Jackson's assertion of a claim based upon the United States Supreme Court's ruling in *Blakely* – a case that was not decided until *after* Jackson filed his direct appeal in the state court but before the state appellate court issued its decision – serves as "cause" sufficient to excuse Jackson's default.

In *Blakely*, the Supreme Court expressly applied the rule of *Apprendi*, a case that was

---

[4] Jackson does not explain what factual findings were made by the trial court that influenced his sentence.  Ohio R.C. § 2929.14(B) required a sentencing judge to find that the imposition of a minimum sentence would demean the seriousness of the offender's conduct or that such a sentence would not adequately protect the public before imposing a sentence beyond the minimum, as Jackson had not previously served a prison term.  Ohio statute also required the trial court to make certain findings before imposing consecutive sentences.  Presumably, Jackson refers to the sentencing judge's findings that minimum sentences served concurrently would demean the seriousness of his offense and fail to adequately punish Jackson and protect the public.

[5] Procedural default also may be excused where the petitioner can prove actual innocence, a narrow and seldom used exception.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998) (To prove actual innocence, the petitioner "must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable jury would have convicted him.'") (citations omitted).  Jackson has pled guilty to the charges, thereby rendering an actual innocence argument untenable.

decided before Jackson's conviction and direct appeal. In *Apprendi*, the Supreme Court held any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490. The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant. In other words, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S. at 302.

In the instant action, Jackson argues that the trial court improperly sentenced him to serve consecutive sentences and a sentence above the minimum by relying on facts neither admitted by him nor found by a jury. This is essentially the same claim the Supreme Court addressed in *Apprendi* and *Blakely*. In those cases, the trial courts imposed sentences that required the courts to make additional findings based upon factors neither admitted by the defendant nor found by a jury. Similarly here, Jackson claims that the facts supported in the plea only supported minimum sentences to be served concurrently for his multiple convictions, but the court made additional findings, not admitted by him or found by a jury, and imposed a greater sentence than the minimum.

The fact that the Supreme Court decided *Blakely* during the pendency of Jackson's appeal is not cause for excusing Jackson's procedural default. First, Jackson could have raised his constitutional claim on the basis of the Supreme Court's ruling in *Apprendi* but failed to do so. Other criminal defendants had challenged their sentences *prior* to the *Blakely* decision and eventually had their cases remanded for new sentencing after the Ohio Supreme Court found

11

portions of Ohio's sentencing statutes unconstitutional.[6] In addition, the Supreme Court decided *Blakely* on June 24, 2004. Jackson had three months to seek leave to amend his appeal based on the *Blakely* decision. Instead, Jackson presented claims that essentially raised state law issues, and the state appellate court treated his claims as such. As a result, the *Blakely* decision cannot serve as cause for Jackson's failure to raise his federal constitutional claim before the state courts.

Moreover, if Jackson believed his appellate counsel was ineffective for failing to raise a constitutional claim based on the *Apprendi* and *Blakely* cases, he could have raised such issues in his Rule 26(B) application to re-open that was filed over five months after the *Blakely* decision. However, as discussed below, such a claim was never raised.

Further, assuming that the intervening *Blakely* decision or the failure of Jackson's counsel to make a *Blakely* argument was cause sufficient to excuse Jackson's procedural default, he would still be required to show prejudice resulting from the alleged error. In *State v. Foster*, the Ohio Supreme Court addressed the constitutionality of several sentencing statutes, including the same statutes under which Jackson was sentenced and which he now argues violated his constitutional rights. 845 N.E.2d 470, 109 Ohio St.3d 1, 2006 Ohio-856 at ¶28 (Ohio 2006). In light of the United States Supreme Court's decision in *Blakely*, the Ohio Supreme Court found

---

[6] *See* discussion of *State v. Foster*, 845 N.E.2d 470, 109 Ohio St.3d 1, 2006 Ohio-856 at ¶28 (Ohio 2006), *infra*. One of the criminal defendants in *Foster* who challenged the constitutionality of Ohio's sentencing statutes, Jason Quinones, filed his Notice of Appeal on November 3, 2003 – the same year as Jackson but prior to the *Blakely* decision. *State of Ohio v. Quinones*, Cuyahoga County Case No. CR-03-438531. Another criminal defendant in *Foster*, Robert Adams, challenged the constitutionality of Ohio's sentencing statutes and filed a Notice of Appeal on July 16, 2003 – only three months after Jackson's appeal. *State of Ohio v. Adams*, Lake County Case No. 03CR000221.

these specific statutes violated the federal constitution because sentences were based on additional judicial findings neither admitted by a defendant nor found by a jury. *Id*. at ¶¶61, 67.

At first glance, the *Foster* decision appears to validate Jackson's argument. However, Jackson cannot show prejudice. In *Foster*, the Ohio Supreme Court rejected the proposed remedy of imposing presumptive minimum and concurrent sentences to correct the constitutional violation. *Id*. at ¶89. Instead, the Court found that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Id*. at ¶100. Although the Ohio Supreme Court determined that all cases pending on direct appeal must be remanded for new sentencing hearings, it did not afford relief for cases where the direct appeal had been exhausted. *Id*. at ¶104. Jackson's direct appeal was not pending when *Foster* was decided in 2006, as Jackson exhausted his direct appeals in 2005.

This raises the issue of whether the *Foster* decision is applied retroactively. The Sixth Circuit has addressed this issue, at least in part, by observing petitioners such as Jackson do not benefit from the change in Ohio's felony-sentencing structure for two reasons: "(1) the change is applicable only to those cases pending on direct review;" and (2) the changed structure works to Jackson's detriment, as trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences. *Minor v. Wilson*, 2007 U.S. App. LEXIS 1067 (6th Cir. 2007). Thus, Jackson has not suffered any prejudice from the alleged constitutional violation because his appeal was not pending at the time of the *Foster* decision and, more importantly, the lack of any requirements or guidelines allows trial courts to sentence within the

permissible range of punishment without any explanation or finding.[7]

Because Jackson cannot show cause to excuse his procedural default or resulting prejudice, his petition should be dismissed.

**D.      Ground Three: Ineffective Assistance of Trial Counsel and Appellate Counsel**

In his third ground for relief, Jackson asserts that he was denied effective assistance of both trial and appellate counsel. (Doc. No. 1.) Specifically, Jackson claims that both his trial counsel and appellate counsel were ineffective because they failed to raise the errors alleged in grounds one and two of Jackson's habeas petition. (Doc. No. 1.) Respondent asserts that this ground for relief is procedurally defaulted because it was not timely raised before the Supreme Court of Ohio. (Doc. No. 6 at 10-11.)

Jackson's argument of ineffective assistance of trial counsel was not raised on direct

---

[7] The United States Supreme Court has not decided whether *Blakely* applies retroactively on collateral review. *See Burton v. Stewart*, 127 S. Ct. 793, 794 (2007)   While the Supreme Court granted certiorari "to determine whether [its] decision in *Blakely v. Washington* announced a new rule and, if so, whether it applies retroactively on collateral review," it never answered these questions because the petitioner failed to comply with the procedural gatekeeping requirements of the AEDPA by filing a successive petition. *Id*. Though not specifically addressed by the Supreme Court or the Sixth Circuit, many other federal courts have held that *Blakely* is not retroactively applicable to cases on collateral review. *See, e.g., United States v. Hishaw*, 180 Fed. Appx. 831, 834 (10th Cir. 2006) ("*Blakely* does not apply retroactively to convictions that were already final at the time it was decided in 2004."); *United States v. Reed*, 194 Fed. Appx. 731, 734 (11th Cir. 2006); *United States v. Shwayder*, 160 Fed. Appx. 654 (9th Cir. 2005); *Villa-Yanez v. Morris*, 2007 U.S. App. LEXIS 8778 (5th Cir. April 17, 2007); *United States v. Harley*, 2005 U.S. Dist. LEXIS 41124 (M.D. Pa. Feb. 3, 2005) ("[E]very court to have addressed the issue thus far has concluded that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review."); *cf. Spiridigliozzi v. United States*, 117 Fed. Appx. 385, 394 (6th Cir. 2004) ("[L]ike the Supreme Court's decision in *Apprendi*, it is unlikely *Blakely* would apply retroactively to matters addressed via 28 U.S.C. § 2255.")

appeal.[8] Jackson was represented by different counsel on appeal than at trial. Because Jackson's ineffective assistance of trial counsel claim could have been raised on direct appeal, but was not, it is now barred from being raised in Ohio courts by *res judicata*. Thus, Jackson has procedurally defaulted on his claim of ineffective assistance of trial counsel.

Jackson first raised an ineffective assistance of appellate counsel claim in his Rule 26(B) application. (Doc. No. 6-5, Exh. I.) However, his Rule 26(B) application alleges shortcomings by his appellate counsel different than those now alleged in Jackson's habeas petition. Jackson identified two issues in the state appellate court that he believed resulted in ineffective assistance: (1) appellate counsel's failure to raise as error the trial court's failure to execute a written trial waiver as required by O.R.C. § 2945.05; and (2) appellate counsel's failure to raise as error the trial court's imposition of a sentence greater than the minimum sentence without making the requisite findings under Ohio law. (Doc. No. 6-5, Exh. I.) The state appellate court found no error with respect to Jackson's first claim, as it found that the requirements of O.R.C. § 2945.05 are inapplicable to a defendant who enters a guilty plea. (Doc. No. 6-7, Exh. J.) With respect to the second claimed error, the state appellate court found that Jackson's appellate counsel actually raised the issue on direct appeal. (Doc. No. 6-7, Exh. J.)

As Jackson has not raised the two grounds of error in his habeas petition that he raised in

---

[8] On direct appeal, Jackson raised only the following assignments of error: (1) the trial court violated O.R.C. § 2929.14(B) when it imposed a sentence greater than the minimum sentence on each of the ten counts of gross sexual imposition to which Jackson pled guilty; and (2) the trial court erred when it imposed consecutive sentences because it failed to comply with O.R.C. § 2929.14(E). (Doc. No. 6-3, Exh. D.)

15

his Rule 26(B) application, these claims need not be addressed.[9]

Turning to the claims actually raised in his habeas petition, Jackson argues that his appellate counsel was ineffective for failing to raise on appeal the sufficiency of the indictment (ground one) or the *Blakely* issue (ground two). Despite having the opportunity to do so, Jackson failed to raise either of these claims in his Rule 26(B) application and raises these issues here for the first time. Therefore, these claims are now barred by *res judicata* and are procedurally defaulted. Additionally, Jackson's claim that his appellate counsel was ineffective for failing to raise as error the claim contained in ground one lacks merit. As discussed in Section B, *supra*, Jackson had no right to challenge the sufficiency of the indictment because he waived such a right by knowingly and voluntarily entering a guilty plea. Further, Jackson's claim that his appellate counsel was ineffective for failing to raise as error the claim contained in ground two also lacks merit. Jackson's allegation that he could not comply with the forty-five (45) day deadline for filing an appeal from the denial of his Rule 26(B) with the Ohio Supreme Court is irrelevant. (Doc. No. 1 at 12.) Jackson's claim is procedurally defaulted because he never raised this issue in his Rule 26(B) application and not because he failed to timely appeal

---

[9] The Supreme Court of Ohio refused to file Jackson's delayed motion for appeal from the denial of his Rule 26(B) application for failing to comply with Ohio Supreme Court Rule II § 2(A)(4)(a), a provision that governs delayed appeals. (Doc. No. 6-7, Exh. L.) It has been held that a refusal by the Ohio Supreme Court to hear a delayed appeal is an adequate procedural bar precluding habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's denial of Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition), citing *Shabazz v. State of Ohio*, 1998 U.S. App. LEXIS 13444, *3 (6th Cir. June 18, 1998) (unpublished) (The petitioner procedurally defaulted his claims because he did not timely appeal to Ohio Supreme Court and the Ohio Supreme Court denied his motion for delayed appeal); *Hall v. Huffman*, 2000 U.S. App. LEXIS 25956 (6th Cir. Oct. 11, 2000) (unpublished); *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). Thus, the claims actually raised in the Rule 26(B) petition would be procedurally barred pursuant to *Bonilla*.

this claim to the Ohio Supreme Court. Jackson, as such, has not presented any cause excusing the former deficiency. In addition, as discussed in Section C, *supra*, even if Jackson had established cause for his procedural default, he did not suffer any prejudice as Ohio courts are no longer required to make any findings or give any reasons when imposing consecutive sentences or sentences exceeding a minimum sentence.

Because Jackson's ineffective assistance of trial and appellate counsel claims are procedurally defaulted and Jackson has not shown cause or prejudice from the procedural default, these claims should be dismissed.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Jackson's petition (Doc. No. 1) be DENIED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: May 14, 2007

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**